NINA GERSHON, United States District Judge
On November 15, 2018, the City of Chicago filed an objection to the Settlement Agreement entered into among the United States of America, the defendants, the relator in this action, and the relators in United States ex rel. Sypula & Hodge , 14-cv-5278, and United States ex rel. Mullen , 10-cv-4856. Upon receipt of the City of Chicago's objection, I directed the parties to the Settlement Agreement to respond. Also before the court is the following proposed Stipulation of Dismissal and Order:
Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the qui tam provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms and conditions of the September 28, 2018 Settlement Agreement ("Settlement Agreement") between the United States, Relator Omni Healthcare Inc., and Defendants AmerisourceBergen, AmerisourceBergen Specialty Group, ION Solutions, and Oncology Supply (collectively, the "ABC Defendants"), the Parties hereby stipulate, through their undersigned counsel, to the entry of an order (1) dismissing with prejudice all civil monetary claims on behalf of the United States against the ABC Defendants for the Covered Conduct as defined in Recitals Paragraph H of the Settlement Agreement, (2) dismissing without prejudice to the United States and with prejudice to Relator Omni Healthcare Inc. all other claims against the ABC Defendants asserted on behalf of the United States by Relator Omni Healthcare Inc., and (3) dismissing with prejudice all claims against the ABC Defendants on behalf of Relator Omni Healthcare Inc. under 31 U.S.C. § 3730(d) with respect to attorney's fees, costs and expenses.
This Stipulation of Dismissal does not apply to or affect in any way the action entitled United States of America, et al. v. McKesson Corporation, et al , Civil Action No. CV-12-06440 (E.D.N.Y.).
In their responses, all parties take the position that the City of Chicago lacks standing to object to the Settlement Agreement. However, relator Omni Healthcare Inc. ("Omni") agrees with the City of Chicago that Omni may not dismiss its claims under the City of Chicago's *164 False Claims Ordinance ("FCO"), Municipal Code of Chicago, Section 1-22-020(1)-(2), without the City of Chicago's consent and maintains that it has not dismissed them in the Settlement Agreement. Defendants, for their part, stated in a letter, dated December 18, 2018 to the City of Chicago's counsel, that nothing in the Settlement Agreement releases any claims of the City of Chicago and that they "will not invoke the Settlement Agreement as a defense to any [claims of the City of Chicago] in this matter." Similarly, the federal government's position is that the Settlement Agreement does not resolve the City of Chicago's claims.
Based on the record before me, I find that the City of Chicago's concerns are well-founded. The Settlement Agreement purports to "irrevocably" release all relators' claims against defendants "on behalf of any state, or political subdivision or municipality, under any state, political subdivision or municipality False Claims Act or similar law ...." (Settlement Agreement ¶ 5). By its plain language, the Settlement Agreement includes the FCO claims to which Omni now maintains it does not seek dismissal and which defendants now maintain they have not settled. Moreover, the Agreement contains an integration clause stating: "This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties." (Id. ¶ 22). And the proposed Stipulation of Dismissal states that it is "in accordance with the terms and conditions of the ... Settlement Agreement." The City of Chicago is understandably concerned about the parties' efforts to mollify it with statements not contained in the Settlement Agreement or the proposed Stipulation of Dismissal.
Of course, the United States is correct that the City of Chicago lacks standing to object to its settlement of federal False Claims Act claims. However, the Settlement Agreement, in releasing defendants from all "state, political subdivision or municipality" claims, purports to do more. The federal government, like the other parties, offers no explanation for why the parties included a provision concerning dismissal of state and municipal claims, thus including the claims of the City of Chicago, in their Settlement Agreement.
The settling parties have presented the court with a most unusual situation. The Settlement Agreement was not submitted to the court for approval-this was not required-and the parties have already performed under it. Nonetheless, it is the court's role to scrutinize proposed orders of dismissal.
The City of Chicago's objection is granted to the extent that the United States, relator Omni, and defendants are directed to file an amended Proposed Stipulation of Dismissal and Order expressly specifying that the dismissal and underlying Settlement Agreement are not applicable to the City of Chicago's claims under the FCO.[1]
SO ORDERED.

The plaintiff states, the City of New York, relators, and defendants have entered into a separate settlement agreement, not provided to the court or the City of Chicago. Belatedly, in its reply papers, the City of Chicago suggests that it also objects to that settlement; however, the Proposed Stipulation of Dismissal and Order concerning the plaintiff states' claims expressly excludes the City of Chicago's claims. There is therefore no impediment to my signing that document.